Good morning, may it please the Court, Lawrence Rolfing, on behalf of Guilermina R. This case is a Social Security case. It's Step 5 of the sequential evaluation process. Parties in the district court have basically agreed that the ALJ... I'm sorry? How come she doesn't have a last name in this? I don't. Um, Social Security, the rules of... Federal Rules of Civil Procedure have suggested for privacy reasons... We always have names. We've had hundreds of these cases. They always have names. Right. This is the first one I've ever seen that is titled without a name. I'm just... I don't know why. I think the clerk did that, Your Honor. I see. Picked it up from the district court. The district courts are now doing that regularly. I agree it's confusing, but... All right, go ahead. Everyone agrees that the ALJ should have meant to or implied or it was understood that Guilermina had a limitation of standing and walking for six hours in an eight-hour day. It's clear that the ALJ never asked the vocational expert to assume that question. The question is whether it's material, whether the error is harmless. What question was actually asked to the vocational expert? What was the question that was posed? Uh, the question that was posed, Your Honor, is that... I don't have it in front of me right this very second. If that's your argument, I would think you would have it right at your fingertips because that's the crux of your Yes, Your Honor, the judge directed the vocational expert to assume light work but never included any standing and walking limitation at all. So your argument is that by referencing light work, the ALJ did not adequately convey the six-hour limitation? Correct. Okay. Correct. The reason that Terry... Why is the Terry case not controlling? There are three separate reasons why Terry isn't controlling. First of all, Terry doesn't address the language in Ruling 8310 that says that sitting may occur intermittently during the remaining time. Terry doesn't address the aspect definition of light or medium work. The ruling is quite clear that the modal verb is may and may means not necessarily. And so sitting as defined in the DOT, the regulations, and this may language contained in the ruling, it's clear that there is no ceiling in an eight-hour workday for standing and walking as sedentary. But may sit intermittently during the remaining time... I understand that. As somebody said, maybe the ALJ or Terry said, I guess, it's not the best language in the world because it doesn't... It means sitting intermittently, meaning between the standings. That's what it meant to mean. Intermittently meaning when you're not standing, but you have to stand for... You can't stand for more than six hours. What else? Do you have any other reasons? Yes. The three cases addressing similar language in the definition of sedentary work where the same ruling says that sitting is generally about six hours, Tackett, Bertigan, and Outland, all define sedentary work as sitting most, if not all the day, or six to eight hours in an eight-hour day. We have the same linguistic structure on those exertional capacities, and to sit intermittently and then exclude during the remaining time violates a basic... What about the fact that the light work has another element, which is another possibility? It could be standing, but it could also be sitting most of the time, but with some pushing and pulling. Which is why it's important to define the terms, which is important why the function-by-function analysis with respect to something as critical as standing and walking is important. The ruling states elsewhere that the primary difference between sedentary and light work is the amount of standing and walking, and housekeepers and cafeteria attendants and dry cleaners are not sit-down jobs. They're stand-up jobs. We know that because we're not robbed of our common sense, and so do housekeeping cleaners sit a quarter of the day? The answer is no, they don't. We know... Counselor, the question in this case is whether or not substantial evidence supports the ruling, so why doesn't substantial evidence support? Perhaps there was a better way to phrase the Is it such that there is no substantial evidence to support the ruling? That's a very high standard. Well, Your Honor, we assume that people answer the question that's asked, and the vocational expert was not asked to assume a standing and walking limitation. Well, it could be. It could be argued that using the phrase light work necessarily encompassed that limitation in accordance with the Social Security rulings that have defined light work in that way. What's your response to that? Only if we assume that the vocational expert doesn't know how to read, because it says sitting six hours and may sit intermittently during the remaining time. But you're also assuming that the vocational expert is unfamiliar with the term of art that the Social Security ALJ. The term of art is defined in the DOT, and the Social Security Administration is not privileged to construe the DOT. The administration has taken notice of the DOT. It's contained in the regulation, has no standing and walking limitation. And a ruling from the Social Security Administration as well, Bill. And it doesn't say that light work is defined as standing and walking at most six and sitting two. I'm missing something here. The main difference, or a main difference, between the medium work and the light work definitions, as I see it, is that the light work requires a good deal of walking or standing, or it involves sitting most of the time. And the medium work doesn't have the or. So with regard to the medium work, as defined in the ruling, because there isn't even any standing limitation in the regulation, you know that sitting should generally total approximately six hours of an eight-hour work day and standing or walking, whatever the phrase is. Oh, I'm sorry, for a total of six hours. But with the light work, because of the or, we don't actually, if we look at it as a term of art, it's possible that the recreational expert could have thought that it did involve walking for more than six hours, but it involves sitting most of the time with some pushing and pulling. In other words, that it was the other piece. In other words, it's a less distinct definition because it has two alternatives. So how would that come out? Would that matter? You haven't argued it this way at all. Yeah, the possibility that the vocational expert might have stumbled onto the definition with a ceiling of six hours. No, that's not what I'm talking about. Excuse me, that's not what I meant. He might have stumbled on a definition. Well, first of all, you'd think he's an expert, so he's not stumbling. He knows the definition. But the definition in this instance has an or it can involve sitting most of the time with some pushing and pulling. So it doesn't, by saying that he could have light work, he wasn't necessarily saying, recognizing that there was a six hour to eight hour limitation with regard to the light work, he could have been looking at as the second piece. Is that right? Or you're not arguing that or what? Well, you haven't argued that so far. Well, the hypothetical question allows a sit down light work job, but the vocational expert didn't identify sit down light work. The vocational expert identified stand up walking light work. And so there's, is there a factual basis upon which we can assume that the vocational expert assumed six hours in an eight hour day? That's what Terry says, that the vocational expert assumed the, that it's a six hour work day. So Terry cuts against your argument, and I haven't heard a viable reason for us to distinguish Terry in this case, because it's almost the exact same scenario. Mr. Rowling, and Terry, didn't the court make specific findings, functional findings? Didn't the ALJ make functional findings? Yes, the ALJ. Standing and walking. Right. And there was a hypothetical that included that, right? No, the hypothetical was medium work. Yeah. Medium. Medium. But medium doesn't have an alternative meaning, right? That's a distinction between light work and medium, right? There are medium jobs that are sit down jobs. Bus drivers, a sit down job, and it's medium. Truck drivers, a sit down job, and it's medium. It's the lifting and carrying that makes it medium. It's not the sitting, not the standing, not the walking, it's the lifting. Isn't there a requirement that the ALJ make a residual functional capacity findings? Or not? Yes, function by function. And wasn't that done in this case? No. The sitting, standing, and walking limitations articulated by the state agency doctors are not in the examination of the vocational expert, and they're not in the ALJ decision. They're just simply not there. It's silent. And if someone says the person can do light work, and the vocational expert asks, is your testimony consistent with the DOT? That's on page 53 of the administrative record. Has your testimony been consistent with the DOT? Well, the DOT doesn't have a standing and walking limitation. The DOT allows a job to be standing and walking eight hours out of eight hours, and it still meets the definition of light work that's contained in the DOT. The ALJ didn't ask, is your testimony consistent with Social Security Ruling 8310? And by not invoking it, that runs afoul of the Third Circuit decision in Sykes. Well, the Third Circuit decision is not binding on us, so that doesn't help you. That's persuasive. Well, could be, could be not. Okay. Well, your time is up. We'll give you a minute, Ravel. Thank you. Ms. Frerer. Good morning, Your Honors. Elizabeth Frerer for Kilo Kijikazi, the Acting Commissioner of Social Security. Terry controls this case. It's about a mutual understanding, a shared understanding. That's the language in the decision. And so, what we need to know here, as Terry also says, is the relevant question is whether or not the VE understood the limitations that the ALJ was presenting. And on pages 51 to 52, the ALJ presents the exact limitations that appear in the RFC later on. No one questioned that testimony. Ford says, unquestioned testimony from a vocational expert is substantial evidence. So, we have that. Just a minute. You said that the ALJ did make specific findings? RFC? I said that the ALJ presented the vocational expert with the exact limitations that appear in the RFC. There is a difference here, and I think that's what Judge Antoon was getting to, that in Terry, the ALJ subsequently expanded the shorthand of medium into the stand walk and the lifting requirements in the RFC. The ALJ didn't do that here. She said light and then the other non-exertional limitations that she had presented to the vocational expert. We maintain that's not a meaningful difference because, again, Terry stands for whether or not the VE understood the ALJ by using that shorthand medium, here it's light. And I think there's absolutely no question here that the VE understood what that meant when she was answering or when he was answering the ALJ's questions. And to the point of, yes, it's true the definition of light does have that alternative that says, or if the job is primarily sitting, but it includes and using foot or hand controls. None of these jobs have that. I'm sorry. So, none of these jobs... But what that means is that when the ALJ found the RFC, he didn't specify whether he was finding that she could do a good deal of walking or standing, or she couldn't do a good deal of walking and standing, but she could sit most of the time with pushing and pulling of arms and hands and leg foot controls. He didn't say which one it was because he never did a function by function analysis. So then when he sends it to the vocational expert with only that shorthand, again, the vocational expert is getting it with both pieces in it because no one has specified which one we're talking about. And he then finds that she can do these jobs that require standing, which may not be what the ALJ found because the ALJ never said what he found. Well, I think the fact... First of all, SSR 8212 says that light jobs that involve mostly sitting are few. So, given the years and years, well, decades that this SSR has been in place, defining light work with that six-hour standing, walking, and then two hours intermittently sitting, that is kind of the standard. That's the default. Because the other kinds of jobs are so rare, and because the ALJ here didn't talk about... All right, where does it say that it's rare? Foot controls. Where does it say it's rare? It's in SS... I'm not sure it says rare, but it says in SSR 8212, which is not the primary source here. There is language in there that says relatively few light jobs require being mostly... Relatively few, that's the language from the SSR. There's also a directive that says the ALJ is supposed to find the actual limitations and not simply put a label on it for light work. It says specifically, don't do it that way. You're supposed to find the actual limitations. So, by not doing that in this instance, where there is an alternative, rare or otherwise, we don't know... What he was sending to the AL... to the vocational expert was inherently ambiguous. Well, I don't... And therefore, it's not crystal clear. Because in Terry, there was no problem like that. Well, again, Terry does use the language mutual, shared understanding, and that if there was... First of all, the RFC doesn't have anything about foot or arm controls, and that is a caveat to the alternative sitting jobs in light, because the ALJ didn't include any of that. That's the problem here, that the RFC had nothing. It just said it was a light job, so it could have had arm and hand in light foot controls. I mean, we don't know, because he didn't say what it was. Well, she didn't put that in there. She didn't need to include... The light works as a shorthand the way it did with medium in Terry, because there are relatively few light jobs that involve sitting. It follows that if the ALJ had meant that, because that also requires the arm and hand controls, because that's so unusual, that would have been in the RFC. We are saying that because this light is almost always... But that's a completely different analysis than Terry. Terry was based on the actual language of the regulation and of the NF8310, and it says not just all of us in the field have the same understanding, but it's written down, and this is what it means. So everybody knows what it means. Now you're saying, well, it's written down, but we don't really use it traditionally. That's a different analysis. No, that's not what I'm saying. What I'm saying is that light jobs are almost always not the full eight hours standing and walking, or they're not the sitting with the arm and leg controls, which is the only part that's actually in the regulation. So, and again, take this back to understanding. If that VE was confused... But that's presumably exactly why the directive to the ALJ says you're supposed to actually find the specific limitations and not just use the shorthand. At the stage of determining the RFC, that's a different question of what you tell the vocational expert. Counsel, may I ask you, was this issue regarding the alternative for light work raised in the district court? No, it wasn't. And that's another point that my opponent is not arguing that that's the ambiguity in the way that VE presented the evidence. My opponent is arguing that the ALJ essentially found absolutely no standing and walking limitations, which is not a reasonable reading of that RFC. And her use of the term light in this case is a common understanding. It was a common understanding here. If it wasn't, and given the jobs that the VE identified, they are the typical light jobs. They're not somebody sitting and using arm and leg controls. They're not somebody who has to stand constantly like a server would. And so the proper question here is what was understood? If the claimant's present at the hearing thought there was something just grossly ambiguous about the ALJ presenting the VE with a category light, he could have asked that. There was no questions asked at the administrative hearing. There was no argument about this presented to the appeals counsel. It's only until we get into district court that Mr. Roffing is saying now, we have no idea what the ALJ meant by that RFC. I don't think that's accurate. I think it's the ALJ's use of light in this case was, it's very reasonable to take it as the default of what light usually means, which is the first part of the definition in the regulation and not that second part, which is relatively few jobs that actually involve that. Without that distinction, how do we know that there's substantial evidence to support the decision? Well, we have an RFC. We have an RFC for light work. We have jobs that qualify as light work under any definition. The jobs don't have to be one or the other to be light. The jobs in this case are clearly light jobs under the Dictionary of Occupational Titles. Therefore, VE's testimony, which was also unchallenged, which by Ford says that that is substantial evidence that supports the ALJ's decision. In this case, there's just... And counsel, we review the record that was made by the parties and the arguments that were raised by the parties to determine whether or not there's substantial evidence in support of the ruling. Yes, and I'm sorry, I'm getting enough feedback. That's why I keep stopping. The fact in this case is that there's a shared understanding here. We can throw out all kinds of hypotheticals about, well, what if this? What if that? What actually happened here was the VE understood the ALJ. The ALJ relied on the VE's testimony. The RFC is for light. The jobs are light. And that should be the end of the story here. And Terry says, when an ALJ uses a longstanding term of art that has a meaning, and this does have a meaning under the regulation and the ruling, that that's okay. And here, Terry didn't make new law. Even though we don't know which option under light work was referred to. We don't know that. Well, we do know that. It's not like medium work, or it's just one definition. This is an alternative definition. Yes. I understand that the light regulation is a little bit different, but it does also... the jobs in question are not the alternative ones. So that shows that it's a default. Well, it shows that that's what he understood, but it doesn't show that that's what the ALJ sent him. That's the problem. The ALJ accepted those jobs. So that is a muting of the minds. The ALJ accepted the jobs that the vocational expert identified. Therefore, the ALJ agrees that those jobs satisfy the RFC that she had issued. And if counsel for claimant had any question or felt that there was ambiguity in the record, that was the opportunity to clear up that ambiguity, correct? Absolutely. Yes, Your Honor. Okay. We... You're out of time. Thank you very much for your argument, which was helpful. Mr. Rolfling, do you have a minute more, if you like? Now, you did not make this argument about the alternatives. And in fact, when I raised it, you seemed to be resisting it. So I'm not sure we can rely on it in any fashion. Your Honor... Do you want to comment on that? He has one minute, but it's not going down. Yes, Your Honor.  I'm sorry, Your Honor. No, go ahead. Your Honor, I mean, I raised the issue of the standing and walking absence of a limitation in the ALJ decision to the appeals counsel. This issue was raised during the administrative process before the ALJ decision became the final decision of the commission. What issue was raised? What issue was raised? The standing and walking issue was raised. Right. That's what was raised. Right. It was raised to the appeals counsel. Right. So the ALJ didn't address it. And under Embree and Burton and Hill... You didn't make the distinction that's being made here today regarding the alternatives in the light work category. You didn't make that distinction in your appeal? It's a distinction without a difference. I assume that the ALJ intended to, by her plain language, light work, that the ALJ intended to find that Gayamina could do both, sit all day... That's not the argument you made. That's not the argument you made. You're making that argument here for the first time. You didn't make that argument before about there being an alternative to the light work. You've never made that argument. I've never made that argument. Absolutely not. I've never made that argument because these are stand-up jobs. And as counsel for the commissioner has conceded, not all light jobs have a six-hour limit, which means it's important when we have an eroded residual functional capacity to ask, are these six-hour jobs or are these eight-hour jobs? Because there are a lot of light jobs that are... Were you there at the hearing? I was not. Okay. But counsel had the opportunity to ask those questions, correct? It is not the burden of the claimant... I didn't ask you whose burden it was. I asked you, did counsel have the opportunity to ask those questions? Certainly, he had the opportunity. It's not his burden, though. It's the ALJ's burden. The ALJ must ask the complete question under Tackett and under Redding and under Embry. So just to be clear, your argument is only that the light work designation might include more than six hours of walking or standing. That's correct. Okay. Thank you for your argument. And the case of Guillermina R. Rodriguez versus Kirshkazi is submitted. We will take a short break. Thank you.
judges: BERZON, RAWLINSON, Antoon